**United States District Court**
For the Northern District of California

1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7               FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    D. CUMMINS CORPORATION and    )   Case No. 14-cv-935-SC
     D. CUMMINS HOLDING LLC,       )
10                                 )   ORDER REMANDING CASE
                Plaintiffs,        )
11                                 )
         v.                        )
12                                 )
     UNITED STATES FIDELITY AND    )
13   GUARANTY COMPANY, UNITED STATES )
     FIRE INSURANCE COMPANY, and DOES )
14   1-100,                        )
                Defendants.        )
15                                 )
                                   )
16                                 )
     _____)
17
18
19   **I.  INTRODUCTION**
20        Plaintiffs D. Cummins Corporation ("Cummins Corp.") and D.
21   Cummins Holding LLC ("Cummins Holding") brought this action in
22   California Superior Court against Defendants United States Fidelity
23   and Guaranty Company ("USF&G") and United States Fire Insurance
24   Company ("US Fire") seeing declaratory judgment regarding the terms
25   of Cummins Corp.'s insurance contracts.  Defendants removed the
26   action to federal court pursuant to 28 U.S.C. § 1441.
27   ///
28   ///

United States District Court
For the Northern District of California

Now before the Court is Plaintiffs' motion to remand the matter to state court.  The motion is fully briefed[1] and suitable for determination without oral argument per Civil Local Rule 7-1(b).  For the reasons set forth below, Plaintiffs' motion is GRANTED and the matter is REMANDED to the California Superior Court.

## II.  BACKGROUND

Cummins Corp., formerly known as Valley Asbestos Company, was an installer of insulation products.  Some of the products it installed contained asbestos, and it now faces hundreds of asbestos bodily injury lawsuits.  ECF No. 1 ("Removal Not.") at 31-32. Cummins Corp. is insured by Defendants.  Id. at 33.  Plaintiffs brought this action in California state court seeking declaratory relief.  Primarily, Cummins Corp. seeks declarations that the insurance policies provide defense and indemnity coverage for liability arising out of claims alleging bodily injury as a result of exposure to asbestos, and that the policies require Defendants to defend and indemnify Cummins Corp. against such claims.  Id. at 31.  Defendants removed this action to federal court.

## III.  LEGAL STANDARD

Defendants to a civil action brought in state court may remove the matter to federal district court, so long as the district court has original jurisdiction.  28 U.S.C. § 1441.  "If at any time before final judgment it appears that the district court lacks

---

[1] ECF Nos. 15 ("Mot."), 20 ("Opp."), 22 ("Reply").

**United States District Court**
For the Northern District of California

1   subject matter jurisdiction, the case shall be remanded."  28

2   U.S.C.A. § 1447(c).  Courts "strictly construe the removal statute

3   against removal jurisdiction," and "[f]ederal jurisdiction must be

4   rejected if there is any doubt as to the right of removal in the

5   first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.

6   1992).

7       Federal district courts have original jurisdiction over "all

8   civil actions arising under the Constitution, laws, or treaties of

9   the United States." 28 U.S.C. § 1331.  They also have original

10  jurisdiction over civil actions where the amount in controversy

11  exceeds $75,000 and is between citizens of different states.  28

12  U.S.C. § 1332.

13

14  **IV.  <u>DISCUSSION</u>**

15      The parties agree that federal question jurisdiction does not

16  exist in this case, as the sole cause of action is grounded in

17  California law.  However, the parties differ as to whether

18  diversity jurisdiction exists.

19      **A.   <u>Diversity Jurisdiction</u>**

20      Diversity jurisdiction exists in civil actions between

21  citizens of different states where the amount in controversy

22  exceeds $75,000.  There appears to be no dispute in this case as to

23  whether the amount in controversy requirement is met; the sole

24  issue in dispute is whether the parties are diverse.  Diversity

25  jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity:

26  no plaintiff can be from the same state as any defendant.  <u>Kuntz v.</u>

27  <u>Lamar Corp.</u>, 385 F.3d 1177, 1181 (9th Cir. 2004).

28      A corporation is a citizen of the state in which it is

incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff Cummins Corp. is incorporated in California, and its principal place of business is there as well.  <u>Id.</u> at 31.  Therefore Cummins Corp. is a citizen of California only.  USF&G is incorporated in Connecticut with its principal place of business in Connecticut.  <u>Id.</u> at 3.  USF&G is a citizen of Connecticut only.  US Fire is incorporated in Delaware with its principal place of business in New Jersey.  <u>Id.</u> at 31.  US Fire is therefore a citizen of both Delaware and New Jersey.  Those parties are plainly diverse, as no defendant has citizenship in California.

The diversity problem arises with Plaintiff Cummins Holding, which is a limited liability company ("LLC").  An LLC is a citizen of every state of which its members are citizens.  <u>Columbia Properties</u>, 437 F.3d at 899.  Cummins Holding has two members: Kyrtos Ltd. ("Kyrtos"), a corporation, and Raymond Tellini, an individual.  ECF No. 25-1 ("Tellini Decl.") ¶¶ 2-3.  Kyrtos and Mr. Tellini have been members of Cummins Holding since its inception.  <u>Id.</u>  Kyrtos is incorporated in the British Virgin Islands, and its business address is in Hong Kong.  <u>Id.</u> ¶ 4.  Kyrtos is therefore a citizen of the United Kingdom and China.  Mr. Tellini resides in Connecticut and intends to remain there indefinitely.  <u>Id.</u> ¶¶ 5-6.  He is therefore a citizen of Connecticut, and his citizenship is imputed to Cummings Holding.  Because Plaintiff Cummins Holding and Defendant USF&G are both citizens of Connecticut, the parties to this case are not diverse.

//

**United States District Court**
For the Northern District of California

### B.   **Fraudulent Joinder**

Defendants argue that Cummins Holding was fraudulently joined and that its citizenship should be ignored for diversity purposes. A defendant is fraudulently joined if the plaintiff's failure to state a cause of action against that defendant is "obvious according to the well-settled rules of the state." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002).  A fraudulently joined defendant's "presence in the lawsuit is ignored for purposes of determining diversity . . . ." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Were the Court to ignore Cummins Holding's citizenship, no plaintiff and no defendant would be citizens of the same state, and complete diversity would exist.

Defendants' claim that Cummins Holding is fraudulently joined is based on the principle that an insurance policy's duties run only to the insured.  A number of California state courts have held that only parties to an insurance contract may sue on it; the owners of an insured corporation may not sue the insurer on the corporation's behalf.  See, e.g., C&H Foods Co. v. Hartford Ins. Co., 163 Cal. App. 3d 1055, 1068 (Cal. Ct. App. 1984) (holding that two 50 percent owners of corporation could not state a cause of action against corporation's insurers); Gantman v. United Pac. Ins. Co., 232 Cal. App. 3d 1560, 1566-69 (Cal. Ct. App. 1991) (members of homeowners association lacked standing to sue on association's insurance policy).  Were Plaintiffs suing in a contract action on the insurance policy or the express or implied covenants derived therefrom, there would be no doubt that Cummins Holding lacks standing.  But those are not the causes of action that Plaintiffs

bring in this case.

Instead, Plaintiffs bring only a claim for declaratory relief under California Code of Civil Procedure Section 1060. That section permits "[a]ny person interested under a written instrument . . . or under a contract" to bring an action "for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract." Cal. Civ. Proc. Code § 1060. Plaintiffs argue that Cummins Holding, as the owner of Cummins Corp. is a "person interested" in the resolution of the questions of contract construction for which they seek declaratory relief. Whether the owner of an insured corporation qualifies as an interested person under Section 1060 appears to be an unresolved question of California state law.[2]

Defendants cite two cases for the proposition that "a shareholder such as [Cummins Holding] has no standing to maintain a cause of action under the corporation's insurance policy, including for declaratory relief." Opp. at 4-5. The first is Seretti v. Superior National Insurance Co. 71 Cal. App. 4th 920 (Cal. Ct. App. 1999). A close reading of Seretti, however, reveals that the court's discussion of the shareholders' standing to sue a corporation's insurer is limited to claims for bad faith and

---

[2] The declaratory relief statute is embodied in California's Code of Civil Procedure but creates a cause of action. Federal courts sitting in diversity apply the substantive law of the forum state but follow federal procedural rules. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). Federal courts "have consistently applied California Code of Civil Procedure § 1060 rather than the federal Declaratory Judgment Act when sitting in diversity." Schwartz v. U.S. Bank, Nat. Ass'n, CV 11-08754 MMM JCG, 2012 WL 10423214 at *15 (C.D. Cal. Aug. 3, 2012).

1   negligent infliction of emotional harm.  <u>Id.</u> at 928-31.  There is

2   no discussion of shareholders as interested persons under Section

3   1060 in that case.  The second case Defendants cite is similarly

4   limited to bad faith and emotional distress claims in its

5   discussion of shareholder standing.  <u>C&H Foods</u>, 163 Cal. App. 3d at

6   1068 (Cal. Ct. App. 1984).  It too fails to analyze the "interested

7   person" standard of Section 1060.

8        With no California authority interpreting the "interested

9   person" standard in this context, the Court must conclude that

10  whether the shareholder of an insured corporation has standing to

11  sue the corporation's insurer for declaratory relief under Section

12  1060 is not a well-settled matter of California law.  But the Court

13  can find fraudulent joinder only if Plaintiffs' failure to state a

14  cause of action against Cummins Holding is "obvious according to

15  the well-settled rules of the state."  <u>See</u> <u>United Computer Sys.</u>,

16  298 F.3d at 761.  The Court therefore finds that it is not obvious

17  according to California law that Plaintiffs fail to state a claim

18  against Cummins Holding.  The Court cannot conclude that Cummins

19  Holding was fraudulently joined and accordingly cannot ignore its

20  presence in the case for diversity purposes.  As discussed above,

21  Plaintiff Cummins Holding and Defendant USF&G share Connecticut

22  citizenship.  Because complete diversity does not exist in this

23  case, this Court lacks subject-matter jurisdiction, and the case

24  must be remanded to state court.

25  ///

26  ///

27  ///

28  ///

United States District Court
For the Northern District of California

1    **V.**  **CONCLUSION**

2      For the foregoing reasons, the Court GRANTS Plaintiffs' motion

3 and REMANDS this case to the Superior Court of California, County

4 of Alameda.

5

6      IT IS SO ORDERED.

7

8      Dated: May 28, 2014 

9                             UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8